**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JENNIFER ANDERSON-LEEKS,**

    Plaintiff,

v.                                       Case No.  8:06-cv-1381-T-30MAP

**LAKE WALES CHARTER SCHOOLS,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Lake Wales Charter Schools Motion to Dismiss (Dkt. 13) and Plaintiff Jennifer Anderson-Leeks' Memorandum in Opposition to the same (Dkt. 14).

## MOTION TO DISMISS STANDARD

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiffs and construe all allegations in the complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the Plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . ., [but] the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent."

Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir. 1983). However, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Additionally, "while Rule 8 allows a plaintiff considerable leeway in framing its complaint, this circuit . . . .has tightened is application of Rule 1 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998).

**PROCEDURAL BACKGROUND**

Plaintiff, a former employee of Defendant, originally filed a four count Complaint alleging that she was terminated from her position as a secretary in retaliation for reporting Defendant's non-compliance with Florida law regarding student records and testing procedures and her refusal to conceal such violations. (Dkt. 1). In her Complaint, Plaintiff alleged a violation of the 42 U.S.C. § 1983, specifically her First and Fourteenth Amendment rights (Counts I and II), breach of contract (Count III) and defamation (Count IV).

In response to the original Complaint, Defendant filed a Motion to Dismiss, which this Court granted in part and denied in part (Dkt. 11). Specifically, this Court dismissed Count I and III without prejudice, instructing Plaintiff that more facts needed to be alleged regarding her First Amendment retaliation claim, i.e., specific examples of the statements made, the manner, time and place of the speech, or the context in which the speech was made, and that she either needed to attach a copy of the contract at issue, or sufficiently

allege the existence of an oral contract.  See Case No. 8:06-cv-1378 at Dkt. 11.  This Court also dismissed Count II with prejudice and denied Defendant's Motion as to Count IV. Plaintiff, thereafter, filed an Amended Complaint (Dkt. 11).

## **DISCUSSION**[1]

A.   Count I.

Defendant argues Count I should be dismissed as Plaintiff has failed to allege with specificity those facts which would allow this Court to determine whether her interest in speaking outweighed Defendant's interest in efficient public service.  This Court agrees. While Plaintiff has added a general allegation that her speech was appropriate, occurred at meetings and did not disrupt the efficient operation of Defendant, she has again failed to include allegations specifically identifying what specific statements were made regarding student records and testing procedures, to whom they were made, and what statements, if any, she made when she refused to conceal the alleged violations.  As Plaintiff has alleged First Amendment retaliation under §1983, her claim must be alleged with more specificity than provided in the Amended Complaint.  See GJR Investments, 132 F.3d at 1366 (stating that factual detail in the pleadings is necessary to the adjudication of §1983 claims).

---

[1]Defendant also argues that Count II should be dismissed with prejudice based on this Court's ruling in its previous Order.  Plaintiff states that the count was included because it was in the original Complaint and while they do not invite or expect any response to the count based on this Court's previous dismissal, they did not want to abandon the possibility of seeking this Court's reconsideration.  As Plaintiff has not yet filed a Motion to Reconsider, the Court will not address the merits of same, and again dismisses Count II with prejudice.

Defendant's Motion as to Count I is therefore **granted**. Plaintiff is again advised to state with specificity those statements made that are protected by the First Amendment.

    B.    Count III.

Defendant argues that Count III should be dismissed for failure to state a cause of action, specifically, that Plaintiff's Amended Complaint fails to reveal any additional basis for her breach of contract claim and that the allegations, while stating that an implied contract existed between the parties whereby Plaintiff was subject to dismissal only for just cause, enforceable through grievance procedures and arbitration as provided in the union contract, are conclusory and insufficient to properly allege a breach of contract claim. This Court agrees. While Plaintiff alleges that Defendant breached the due process guarantees incorporated into her employment contract with Defendant, she again has failed to attach a copy of the contract or any union agreement under which Defendant was bound. Accordingly, Count III is **dismissed without prejudice**.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Lake Wales Charter Schools Motion to Dismiss (Dkt. 13) is **GRANTED**.

2. Plaintiff has **twenty (20) days** from the date of this Order in which to file a Second Amended Complaint if she wishes. If a Second Amended Complaint is filed, it shall restate the Counts that have survived dismissal so that all counts appear in the newly amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-1381 - Motion to Dismiss2.frm